**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL LEWIS,** <br> **Plaintiff,** <br><br> **v.** <br><br> **WALMART, *et al.*,** <br> **Defendants.** | : | **CIVIL ACTION NO. 26-CV-0094** |

**MEMORANDUM**

**SCHMEHL, J.** **AUGUST 25, 2026**

Plaintiff Daniel Lewis brings this *pro se* civil action alleging that he was subjected to racial discrimination and excessive force. Named as Defendants are Walmart and "The 8th District." Lewis seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Lewis *in forma pauperis* status and dismiss his Complaint. Lewis may file an amended complaint if he can correct the pleading deficiencies noted by the Court.[1]

## I. FACTUAL ALLEGATIONS[2]

The events underlying Lewis's claims occurred on November 29, 2024, while he was shopping at a Walmart in Philadelphia, Pennsylvania. (Compl. at 2.) Lewis, who is African American, alleges he was standing at a cash register trying to pay for merchandise, when "the defendants of Walmart that work security" assumed he was stealing and "immediately started

---

[1] Lewis was confined at Curran-Fromhold Correctional Facility at the time the Complaint was filed. It appears that he may no longer be detained there. It is Lewis's responsibility to notify the Clerk of Court within fourteen days of any change of address. *See* Loc. R. Civ. P. 5.1(b).

[2] The following factual allegations are taken from Lewis's handwritten Complaint. (*See* ECF No. 1 at 1-5.) The Court also takes judicial notice of relevant public court dockets for purposes of reviewing Lewis's Complaint, *see Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006), and adopts the sequential pagination supplied to the Complaint by the CM/ECF docketing system.

attacking" him by tasing him "multiple times" and stabbing him in the head with a knife. (*Id.* at 2-3.) When the police arrived, he also was tased "multiple times." (*Id.* at 3.) He alleges they kicked him and stomped on him, pressing their feet on his forehead and neck, causing Lewis to struggle for air. (*Id.*) He further alleges that "the defendants" stripped him of his clothing and stole $1,100 from him. (*Id.*) Lewis claims he was not read his rights, was harassed, and suffered physical and mental injuries. (*Id.* at 3, 4.) According to Lewis, the Defendants should have only applied sufficient force to prevent escape and his behavior was "reasonable." (*Id.* at 3-4.) He further avers that video surveillance would show that no force was needed at all. (*Id.* at 4.) Lewis seeks unspecified injunctive relief and compensation. (*Id.*)

Lewis references the underlying state court prosecution in the Complaint. (*See id.* at 2 (listing "Case No. MC-51-CR-0023339-2024").) The state court docket system reflects Lewis was charged with "Aggravated Assault – Attempts to Cause or causes BI to designated individuals," Retail Theft, Simple Assault, Resisting Arrest, and Recklessly Endangering Another Person, based on the November 29, 2024 incident. *See Commonwealth v. Lewis*, CP-51-CR-0000500-2025 (C.P. Phila.).

## II. STANDARD OF REVIEW

Lewis will be granted leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

---

[3] However, since Lewis is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Lewis is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III. DISCUSSION

Lewis seeks redress for alleged violations of his civil rights. He asserts violations of his Fourth Amendment constitutional right to be free from the use of excessive force. (Compl. at 2-4.) Lewis also references Title VI of the Civil Rights Act of 1964 ("Title VI") as the basis for his discrimination claim. (*Id.* at 1.) Even upon a liberal reading of the Complaint, however, Lewis has failed to plausibly plead any claim.

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Local governments and municipalities are considered persons under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The personal involvement of each defendant in the alleged constitutional violation is a required element, meaning a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims brought against that defendant. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

As an initial matter, Lewis's constitutional claims against Walmart may not proceed. "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Whether a defendant is acting under color of state law—*i.e.*, whether the defendant is a state actor—depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). "To answer that question, .

. . [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations, alteration, and citation omitted). Lewis has not alleged, and nothing in the Complaint supports the determination, that Walmart meets any of these tests. *See, e.g.*, *Rose v. Walmart Corp.*, No. 21-4092, 2022 WL 170640, at *6 (E.D. Pa. Jan. 19, 2022) ("District courts throughout the country have consistently found that private retail stores and the private security personnel they employ are not state actors for purposes of § 1983.") (collecting cases); *Sescey v. Walmart, Onn Unit*, No. 21-3355, 2021 WL 5416188, at *2 (E.D. Pa. Nov. 19, 2021) (finding Walmart is not subject to § 1983 liability because it is a private discount retailer and not a state actor).

Lewis also named the 8th District as a Defendant. To the extent Lewis seeks to present § 1983 claims against the Philadelphia Police Department, it is not a proper defendant. Generally, a sub-division of a local government such as a police department is not separate from the municipality of which it is a part and, accordingly, is not a proper defendant in a § 1983 action. *See Bonenberger v. Plymouth Township*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability.") (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir. 1988)); *see also Brown v. Keystone Hum. Servs.*, No. 22-2571, 2023 WL 1962061, at *2 (3d Cir. Feb. 13, 2023) (*per curiam*) ("[M]unicipal police departments are governmental sub-units that are not

distinct from the municipalities of which they are a part."); *Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) ("[T]he Red Lion Police Department, as the sub-division of defendant Red Lion Borough through which the Red Lion Borough fulfills its policing functions, was not a proper defendant in an action pursuant to 42 U.S.C. § 1983."). Furthermore, agencies of the City of Philadelphia, such as the Philadelphia Police Department, do not have a separate legal existence from the City. *See Vurimindi v. City of Philadelphia*, No. 10-0088, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia") (alteration in original). Accordingly, the Court will dismiss all § 1983 claims against the 8th District of the Philadelphia Police Department because they are not plausible.[4]

Additionally, Lewis's reliance upon Title VI as the basis for a discrimination claim is misplaced. Title VI prohibits discrimination on the basis of race, sex, color, or national origin in federally-funded programs and activities. *See* 42 U.S.C. § 2000d; *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) ("[I]t is . . . beyond dispute . . . that [Title VI] prohibits only intentional discrimination."); *see also Weir v. Univ. of Pittsburgh*, No. 22-3392, 2023 WL 3773645, at *3 (3d Cir. June 2, 2023) (*per curiam*) (affirming dismissal of Title VI claim because plaintiff failed to allege that the "actions taken against him were taken under circumstances giving rise to an

---

[4] Even if Lewis intended to raise claims against the City of Philadelphia, as opposed to its police department, those claims fail because nothing in the Complaint alleges that the conduct of which Lewis complains resulted from a municipal policy or custom. *See Monell*, 436 U.S. at 694 (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation); *see also id.* at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.").

inference of discrimination"). While Lewis states that he is African American, he pleads no facts in support of any claim of intentional discrimination on the basis of his race, much less that either Defendant operated a federally-funded program or activity. Accordingly, Lewis's Title VI claim will be dismissed as there is no plausible basis for a claim under the facts alleged. *See, e.g.*, *Eyajan v. Dep't of Driving Transp.*, No. 22-3011, 2023 WL 3034329, at *2 (3d Cir. Apr. 21, 2023) (*per curiam*) (affirming dismissal of Title VI claim where plaintiff "has not alleged discrimination or anything else suggesting that she could state a claim under that statute"); *Mouzone v. N.J. Motor Vehicle Comm'n*, No. 22-2886, 2023 WL 5624184, at *1 (3d Cir. Aug. 31, 2023) (*per curiam*) ("Nor did Mouzone state a viable claim under Title VI, for he did not allege facts demonstrating that he was discriminated against on the basis of his race, color, or national origin.").

In the event Lewis seeks to allege that Defendants violated his right to equal protection under the Fourteenth Amendment because he is a member of a protected class and his arrest was racially motivated, in addition to the fact that Lewis has not named an appropriate defendant for a § 1983 claim, he also has failed to allege facts in support of a plausible equal protection claim. The elements of an equal protection claim based on selective enforcement or racial profiling are: (1) the police actions had a discriminatory effect and (2) the police actions were motivated by a discriminatory purpose. *Bradley v. United States*, 299 F.3d 197, 205 (3d Cir. 2002) (citations omitted); *see also Harvard v. Cesnalis*, 973 F.3d 190, 205 (3d Cir. 2020) ("To establish a selective enforcement claim under the Equal Protection clause of the Fourteenth Amendment, a plaintiff must demonstrate that he was (1) treated differently from other, similarly situated persons and (2) that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor or to prevent the exercise of a fundamental right."

(internal quotation and citation omitted)). Nothing in the Complaint alleges that any Defendants' actions were motivated by a discriminatory purpose or that he was treated differently from other similarly situated persons.

There are more fundamental problems with Lewis's Complaint. He does not sufficiently describe the circumstances and events that occurred on November 29, 2024, to support inferences that any potential defendants' actions were unconstitutional. "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). "A complaint that pleads facts merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up); *see also Falcone v. Dickstein*, 92 F.4th 193, 202 (3d Cir. 2024) (reviewing court will "disregard unsupported conclusions or legal conclusions couched as factual allegations" when determining whether dismissal was proper for failure to state a claim).

The Court understands Lewis to allege that he was arrested in connection with this incident, as he references a state court prosecution in the Complaint, and that excessive force was used during the arrest. (*See* Compl. at 2 (listing MC-51-CR-0023339-2024).) A plaintiff's claim that excessive force was used in an arrest is analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test."). The Court must give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat

to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Additional relevant factors include "the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Moore v. Vangelo*, 222 F. App'x 167, 170 (3d Cir. 2007) (citing *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997), *abrogated on other grounds by Curley v. Klem*, 499 F.3d 199, 209-11 (3d Cir. 2007)). Further, the reasonableness of force depends on "the totality of the circumstances," considered from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Johnson v. City of Philadelphia*, 837 F.3d 343, 350 (3d Cir. 2016) (citing *Graham*, 490 U.S. at 396-97).

Even if Lewis had named a proper defendant, he has not sufficiently described the circumstances surrounding the force that was used. "[A] court must consider [] all of the relevant facts and circumstances leading up to the time that the officers allegedly used excessive force." *Rodriguez v. Trenton Police Dep't*, 828 F. App'x 851, 852 (3d Cir. 2020) (*per curiam*) (alteration in original) (quoting *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004)). As pled, Lewis's Complaint does not contain facts sufficient to indicate whether the force used was objectively reasonable based on the totality of the circumstances, including the relevant facts and circumstances leading up to the use of force. *See, e.g.*, *id.* (affirming dismissal of excessive force claim where plaintiff failed to sufficiently describe the officer's actions or her actions); *Bressi v. Brennen*, 823 F. App'x 116, 118-19 (3d Cir. 2020) (*per curiam*) (affirming dismissal of excessive force claim where plaintiff alleged he was grabbed by the neck and slammed against a concrete wall "for no reason whatsoever" while being transported to a prison).

Lewis states in the Complaint that he "was not read any rights of any kind." (Compl. at 3.) In *Miranda v. Arizona*, the United States Supreme Court held that when engaging in a custodial interrogation, police officers must inform the suspect that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires." 384 U.S. 436, 479 (1966). To the extent Lewis seeks to assert a § 1983 claim based on a refusal to provide *Miranda* warnings during his arrest, the Supreme Court has held that *Miranda* violations do not provide a basis for a claim under § 1983. *Vega v. Tekoh*, 597 U.S. 134, 141-52 (2022) (holding that "a violation of *Miranda* is not itself a violation of the Fifth Amendment" and finding "no justification for expanding *Miranda* to confer a right to sue under § 1983"). Thus, any § 1983 claim based on a failure to advise Lewis of his *Miranda* rights will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Lewis leave to proceed *in forma pauperis* and dismiss his Complaint. Any § 1983 claim based on an alleged violation of Lewis's *Miranda* rights will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. All other claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Lewis will be given leave to file an amended

complaint in the event he can plead sufficient facts in support of a plausible claim. An appropriate Order regarding amendment follows.

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL**
United States District Court Judge