**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL LEWIS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-0094** |
| | : | |
| **OFFICER DANIEL** | : | |
| **RICHARDSON, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**SCHMEHL, J.** **OCTOBER 20, 2026**

Currently before the Court is the Amended Complaint filed by pro se Plaintiff Daniel Lewis who alleges violations of his civil rights. For the following reasons, Lewis will be permitted to proceed on his excessive force claims and all other claims will be dismissed.[1]

## I. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS[2]

In the initial Complaint, Lewis brought claims against Walmart and "The 8th District," alleging his rights were violated on November 29, 2024, while he was shopping at Philadelphia Walmart. (Compl. at 2.) Lewis, who is African American, alleged he was standing at a cash register trying to pay for merchandise when "the defendants of Walmart that work security" assumed he was stealing and "immediately started attacking" him by tasing him "multiple times" and stabbing him in the head with a knife. (*Id.* at 2–3.) When the police arrived, he also was tased "multiple

---

[1] Lewis was confined at Curran-Fromhold Correctional Facility when he filed the Amended Complaint. It appears that he may no longer be detained there. It is Lewis's responsibility to notify the Clerk of Court within fourteen days of any change of address. *See* Loc. R. Civ. P. 5.1(b).

[2] The following factual allegations are taken from Lewis's Complaint (ECF No. 1) and Amended Complaint (ECF No. 8). The Court also takes judicial notice of relevant public court dockets for purposes of reviewing Lewis's pleadings, *see Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006), and adopts CM/ECF pagination.

times." (*Id.* at 3.) He alleged they kicked him and stomped on him, pressing their feet on his forehead and neck, causing Lewis to struggle for air. (*Id.*) He further alleged that "the defendants" stripped him of his clothing and stole $1,100 from him. (*Id.*) Lewis claimed he was not read his rights, was harassed, and suffered physical and mental injuries. (*Id.* at 3, 4.) According to Lewis, the Defendants should have only applied sufficient force to prevent escape and his behavior was "reasonable." (*Id.* at 3–4.) He stated that video surveillance would show that no force was needed at all. (*Id.* at 4.) Based on these allegations, Lewis asserted that his Fourth Amendment constitutional right to be free from the use of excessive force was violated and that he was subjected to discrimination in violation of Title VI of the Civil Rights Act of 1964. (*Id.* at 1, 2–4.) Lewis sought unspecified injunctive relief and compensation. (*Id.* at 4.)

Lewis's Complaint referenced the underlying state court prosecution. (*See id.* at 2 (listing "Case No. MC-51-CR-0023339-2024").) The state court docket system reflects Lewis was charged with "Aggravated Assault – Attempts to Cause or causes BI to designated individuals," Retail Theft, Simple Assault, Resisting Arrest, and Recklessly Endangering Another Person, based on the November 29 incident.[3] *See Commonwealth v. Lewis*, CP-51-CR-0000500-2025 (C.P. Phila.).

In an August 25, 2026 Memorandum and Order, the Court granted Lewis's application to proceed in forma pauperis and screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Lewis v. Walmart*, No. 26-0094, 2026 WL 2517038 (E.D. Pa. Aug. 25, 2026); *see also* ECF Nos. 6, 7. Lewis's claims were dismissed because he failed to plausibly plead any claim. *Lewis*, 2026 WL 2517038, at *2–5. The Court explained that the constitutional claims against Walmart could not proceed because Lewis had not alleged, and nothing in the Complaint supported the inference

[3] As part of a negotiated plea that was entered on March 31, 2026, Lewis pled guilty to a charge of "Disorderly Conduct Engage in Fighting" and the other charges were *nolle prosessed*. *See Commonwealth v. Lewis*, CP-51-CR-0000500-2025 (C.P. Phila.).

that Walmart was a state actor for purposes of a claim under 42 U.S.C. § 1983. *Id.* at *2. The Court further explained that "The 8th District" was not a proper Defendant for a § 1983 claim and that, even if Lewis intended to raise a claim against Philadelphia as opposed to its police department, those claims failed because nothing in the Complaint alleged that the conduct of which Lewis complained resulted from a municipal policy or custom. *Id.* at *3 & n.4 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978)). Additionally, Lewis's Title VI discrimination claim was dismissed as not plausible because he failed to plead any facts in support of a claim of intentional discrimination based on his race, much less that either Defendant operated a federally funded program or activity. *Id.* at *3. Furthermore, the Court noted that, to the extent Lewis sought to allege that Defendants violated his right to equal protection under the Fourteenth Amendment because he is a member of a protected class and his arrest was racially motivated, he had not named an appropriate Defendant for a § 1983 claim, and he failed to allege that any Defendants' actions were motivated by a discriminatory purpose or that he was treated differently from other similarly situated persons. *Id.* The Court also explained that Lewis insufficiently described the circumstances and events that occurred on November 29, 2024, to support inferences that any potential defendants' actions were unconstitutional. *Id.* at *4. The Court advised that while the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant acted unlawfully. *Id.* (citing *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016)). The Court further instructed that "[a] complaint that pleads facts merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (first *citing* Connelly, 809 F.3d at 786; and then citing *Falcone v. Dickstein*, 92 F.4th 193, 202 (3d Cir. 2024) (reviewing court will "disregard

unsupported conclusions or legal conclusions couched as factual allegations" when determining whether dismissal was proper for failure to state a claim)).

As to his excessive force claim, the Court explained that even if Lewis had named a proper defendant, he had not sufficiently described the circumstances surrounding the force that was used. *Id.* Lewis also alleged in the initial Complaint that he "was not read any rights of any kind;" however, the Supreme Court has held that *Miranda* violations do not provide a basis for a claim under § 1983. *Id.* at *5 (citing *Vega v. Tekoh*, 597 U.S. 134, 141–52 (2022)).

Based on the foregoing, the Court dismissed the § 1983 claims based on an alleged violation of Lewis's *Miranda* rights with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. (*See* ECF No. 7.) All other claims were dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. (*Id.*) Lewis was given leave to file an amended complaint with respect to the claims that were dismissed without prejudice, if he could plead sufficient facts in support of a plausible claim. On September 22, 2026, Lewis filed the Amended Complaint that is presently before the Court.

Lewis's Amended Complaint, which comprises a handwritten portion and the court's standard form for self-represented litigants, names as Defendants the City of Philadelphia, Police Officer Daniel Richardson, and several John Doe police officers. (*See* Am. Compl. at 1, 17–19.) The Court understands Lewis's Amended Complaint to present claims of excessive force against Defendant Richardson and the John Does, a Fourteenth Amendment equal protection claim, and a municipal liability claim against the City. (*See generally id.* at 1–21.) Lewis alleges that the relevant events occurred on November 29, 2024, when he was standing in front of a cash register at a Philadelphia Walmart. (*Id.* at 1, 20.) Lewis states that he "was trying to pay for merchandise [but] security assumed he was stealing and called the Philadelphia police." (*Id.* at 1–2.) Lewis

claims he was "attacked from behind with his hands in the air by the Philadelphia Police" and that "he did not see the officer" who neither identified himself nor gave "an explanation of a so called *Terry* stop." (*Id.* at 2.) Lewis contends that "the surveillance show[s]" that Defendant Richardson threw him to the ground and put Lewis in a chokehold by placing his arms around Lewis's neck. (*Id.*) Lewis claims that he could not breathe, feared for his life, and was stabbed in the head "by the Defendant." (*Id.*) Lewis states that he was tasered "multiple times," and "was tasered even more when the [backup] police . . . arrived." (*Id.*) He contends that he was "gang banged" by the "backup police" who "kicked him and stomped on him, pressing their feet on [Lewis's] forehead and neck causing [Lewis] to struggle for air." (*Id.* at 2–3, 21.) He further asserts that "the unidentified Defendants stripped [Lewis] of his clothing, stealing 1,100 dollars from him." (*Id.* at 3, 21.) According to Lewis, he had no weapons and stated at the time that he had money and was going to pay for the merchandise. (*Id.* at 4, 6.) Lewis asserts that excessive force was used and he suffered a dislocated shoulder, nerve damage, swelling to his head, lower back pain, and mental distress. (*Id.* at 3, 13–15, 21.)

Lewis also claims that Philadelphia is responsible for the incident because "a policy or custom led to multiple injuries" because it failed to supervise, discipline, or train its officers. (*Id.* at 5, 8–12.) Additionally, Lewis claims his Fourteenth Amendment rights were violated because "he was treated differently from the other suspects in compliance with the police" when he informed officers that he had money to pay for the merchandise and was assaulted by the officers. (*Id.* at 6.) According to Lewis, the actions of the officers constituted intentional discrimination due to his race. (*Id.* at 6–8.) As relief for his claims, Lewis seeks damages.[4] (*Id.* at 15, 21.)

[4] Lewis also states that he "would like for the courts to review the evidence of the surveillance and the body cameras regarding proper police policy and or procedure to identify what the plaintiff has and still suffers from life threatening unconstitutional actions by police officers

## II. STANDARD OF REVIEW

Because Lewis has been granted in forma pauperis status, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). The Court will accept the facts alleged in a pro se complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Lewis is proceeding pro se, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also*

---

petitioned in this matter." (Am. Compl. at 21.) The Court does not act in an investigative role and as a pro se litigant he is solely responsible for pursuing his claims in accordance with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

*Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III. DISCUSSION

Lewis again seeks redress for alleged violations of his civil rights under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Local governments and municipalities are considered persons under § 1983. *Monell*, 436 U.S. at 690. Lewis's Fourth Amendment excessive force claims against Defendant Richardson and the John Doe Defendants may proceed to service. However, all other § 1983 claims will be dismissed.

Lewis brings claims against Philadelphia, as well as claims against the various Defendants in their official capacities. Claims against municipal officials named in their official capacities are indistinguishable from, and duplicative of, claims against the municipality that employs them. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell*, 436 U.S. at 690 n.55)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* (citation omitted).

The Court previously instructed Lewis that a municipality, such as Philadelphia, is not vicariously liable under § 1983 for the actions of its employees on a theory of respondeat superior. *See Lewis*, 2026 WL 2517038, at *3 n.4 (citing *Monell*, 436 U.S. at 691); *Connick v. Thompson*,

563 U.S. 51, 60 (2011) (stating "local governments are responsibly only for 'their *own* illegal acts'" (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). There are two ways for a § 1983 claim against a municipality to proceed: "[a] plaintiff may put forth that an unconstitutional policy or custom of the municipality led to his or her injuries, or that they were caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (cleaned up). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).

"Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). To state a claim based on a policy or custom, a "plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Id.* (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* (citation omitted). A plaintiff whose claim is predicated on a failure or inadequacy must allege a failure that amounts to deliberate indifference on the part of the municipality. *Forrest*, 930 F.3d at 106 (citation omitted). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* (citing *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999)).

As noted above, the Court previously explained that while the plausibility standard does not impose a probability requirement, it does require pleadings to show more than a possibility that a defendant acted unlawfully. *See Lewis*, 2026 WL 2517038, at *4 (first citing *Connelly*, 809 F.3d at 786 and then citing *Falcone*, 92 F.4th at 202). Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to satisfy the standard. *See id.* (citing *Twombly*, 550 U.S. at 555); *see also Connelly*, 809 F.3d at 790 ("[T]he clearest indication that an allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint is that it embodies a legal point.").

Thus, when reviewing a complaint to determine whether a plaintiff has alleged a plausible claim, a court must "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)); *see also Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (stating that a court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements" (citation omitted)). With respect to the municipal liability claims and official capacity claims, Lewis's Amended Complaint is replete with legal assertions, which the Court need not accept, and contains a dearth of factual allegations. (*See* Am. Compl. at 5, 8–14.) Accordingly, the Court will dismiss Lewis's official capacity claims and claims against Philadelphia.

Further, to the extent Lewis again seeks to allege that Defendants violated his Fourteenth Amendment rights because he is a member of a protected class and his arrest was racially

motivated, Lewis has failed to allege facts in support of a plausible claim. Like the municipal liability claim, nothing in the Amended Complaint plausibly alleges that any individual's Defendants' actions were motivated by a discriminatory purpose or that Lewis was treated differently from other similarly situated persons. Lewis merely presents these allegations in wholly conclusory terms as he did in the initial Complaint. Accordingly, any Fourteenth Amendment claim based on selective enforcement or racial profiling will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Lewis's excessive force claims against Defendant Richardson and the unidentified John Doe police officer pass statutory screening. However, service will proceed at this time on Defendant Richardson only, because service cannot be accomplished on the unidentified John Doe Defendants unless or until Lewis provides sufficient identifying information to allow for service. It is Lewis's responsibility to notify the Court of the Defendants' identities if/when that information is obtained. Additionally, the official capacity claims and claims against the City of Philadelphia will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. The Fourteenth Amendment equal protection claim will be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim, as Lewis has already been given leave to amend the plausible equal protection claim, but failed to do so. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story").

An appropriate Order follows.

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*________
**JEFFREY L. SCHMEHL, J.**